IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

DEBORAH J. MALCOM,

                Plaintiff

     VS.

JAMES G. ROCHE,
Secretary, Department of the Air Force,

                Defendant

NO. 5:04-CV-245 (CWH)

**BEFORE THE U. S. MAGISTRATE JUDGE**

# O R D E R

The above-captioned employment discrimination case was filed on August 2, 2004 and, after multiple extensions (*see* Tabs #22, #24, and #31) and a hearing in the presence of the undersigned where the parties agreed to another extension of deadlines (Tab #28), defendant JAMES G. ROCHE filed a MOTION FOR SUMMARY JUDGMENT. Tab #34. After being advised to her right to respond to the motion (Tab #39) and after having been granted an extension to file her response (Tab #41), plaintiff DEBORAH J. MALCOM filed a response which does not specifically respond to any of the contentions made in defendant Roche's motion. Tab #42.

Based on the allegations of the defendant's MOTION FOR SUMMARY JUDGMENT, the undersigned believes it is more appropriate to consider the motion as a MOTION TO DISMISS and will treat it as such.

## FACTS

Plaintiff Malcom has been employed as an Electronics Mechanic in the Warner Robins Air Logistics Center at RAFB since 1977. Pursuant to doctor's orders, Malcom did not work from June 2000 through February 2002 or September through December of 2002 due mental health issues.

On July 14, 2003, Malcom made an informal complaint of discrimination against her employer, alleging that she had been discriminated against because of her mental disability and harassed (non sexual) when her claim for worker's compensation was being challenged or controverted. Malcom filed a formal complaint of discrimination on the same bases.

In her complaint, plaintiff Malcom alleges that an Air Force employee falsified the plaintiff's third application for disability benefits by writing "N/A" on certain dates when the plaintiff submitted the form. Malcom apparently believes that her benefits may have been denied as a result of that action. The plaintiff has never attempted to resolve this issue at an administrative level either through formal or informal complaints.

## DISCUSSION

It is well settled that for a federal employee, exhaustion of administrative remedies is "a jurisdictional prerequisite to filing a Title VII action." *Crawford v. Babbitt*, 186 F.3d 1322, 1326 (11th Cir. 1999). A district court does not have jurisdiction to hear a Title VII claim if the administrative process has not been concluded. *Id.* Accordingly, since the plaintiff has failed to exhaust the administrative remedies available to her with respect to the claims at issue in this case, this proceeding must be **DENIED** *without prejudice* to re-file after she has exhausted her administrative remedies.

To the extent that the plaintiff challenges the claims which *have* been exhausted at an administrative level – discrimination based on her disability – the instant complaint does not deal with those issues, and Malcom has failed to brief them. It would therefore be inappropriate for this court to grant judgment on them and thereby deny Malcom's opportunity to litigate any dispute with respect to those claims. Accordingly, to the extent that the plaintiff's complaint and subsequent filings could be construed as challenging any action by the Air Force, those claims are also **DISMISSED** *without prejudice*.

Accordingly, defendant's MOTION FOR SUMMARY JUDGMENT (Tab #34) considered as a **MOTION TO DISMISS** is GRANTED.

SO ORDERED, this 2nd day of MARCH, 2007.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE